UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY LOUISE SMITH,

    Plaintiff,

v.                                                  Case No. 8:25-cv-00876-JLB-AEP

JESSE T. HEARN, JR., et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court upon Plaintiff's Motion for Clerk's Entry of Default as to Jesse T. Hearn, Jr. (Doc. 36). On June 2, 2025, Plaintiff filed an executed Return of Service for the summons and complaint purportedly delivered to Jesse T. Hearn by a sheriff of Hinds County, Mississippi (Doc. 26). On June 18, 2025, Plaintiff filed a Motion for Clerk's Entry of Default against Defendant Jesse T. Hearn, Jr. (Doc. 36).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, a plaintiff must serve the summons and the complaint properly before a default may be entered. *United States v. Demesmin*, No. 6:17-CV-36-ORL-31KRS, 2018 WL 1988864, at *2 (M.D. Fla. Mar. 14, 2018). Federal Rule of Civil Procedure 4(e)

governs service of process for an individual located within a judicial district of the United States and provides in pertinent part:

> Unless federal law provides otherwise, an individual…may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Furthermore, Mississippi Rule of Civil Procedure 4(c)(2) outlines the procedure for serving an individual by sheriff in Mississippi and provides:

> A summons and complaint shall, at the written request of a party seeking service or such party's attorney, be served by the sheriff of the county in which the defendant resides or is found, in any manner prescribed by subdivision (d) of this rule. **The sheriff shall mark on all summons the date of receipt by him, and within thirty days of the date of such receipt of the summons the sheriff shall return the same to the clerk of the court from which it was issued.**

Miss. R. Civ. P. 4(c)(2) (emphasis added). Here, the return of service filed by Plaintiff is deficient because there is no indication that the Hinds County Sheriff marked a date of receipt on the summons. The purported service also lacks any

2

proof that the sheriff returned the summons within thirty days to the clerk of court from which the summons was issued.

Moreover, more than 90 days have passed since the Complaint in this matter was issued. Rule 4 provides that when a defendant has not been served within 90 days after the Complaint is filed, the Court must dismiss the action without prejudice against that defendant. Fed. R. Civ. P. 4(m).

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion for Clerk's Entry of Default against Jesse T. Hearn, Jr. (Doc. 36) is DENIED.

2. Plaintiff is directed to show cause by October 1, 2025, as to why Defendant Jesse T. Hearn, Jr. should not be dismissed from this matter.

DONE AND ORDERED in Tampa, Florida, on this 11th day of September 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record